**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
        Plaintiff,

-Vs-                                        CR. NO. 14-cr-20589
                                              Hon. Bernard A. Friedman

SOPHIA EGGLESTON,
        Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

        NOW COMES Defendant, SOPHIA EGGLESTON, by and through his attorney, Christopher M. Seikaly, and files the following Sentencing Memorandum, setting forth the factors which she believes this Honorable Court should consider in determining the type and length of sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. §§ 3553(a).

        Defendant stands convicted by jury of Count 1, Conspiracy to Receive Healthcare Kickbacks, contrary to 18 U.S.C. §371, a Class D Felony, Count 2, Receipt of Kickbacks in Connection with a Federal Health Care Program, contrary to 42 U.S.C. §1320a-7b(b)(1)(A), 42 U.S.C. §1320a-7b(b)(1), a class C felony and Count 3, , Receipt of Kickbacks in Connection with a Federal Health Care Program, contrary to 42 U.S.C. §1320a-7b(b)(1)(A), 42 U.S.C. §1320a-7b(b)(1), a class C felony .

        The United States Probation Department computed her guidelines based on total offense level 30 and a criminal history category of VI at 168-210 months.   The pre-sentence report and Sentencing Guidelines were carefully examined, both by counsel and with Defendant, and the scoring is not in dispute.

CHRISTOPHER M. SEIKALY
ATTORNEY AND COUNSELOR

24359 Northwestern Highway,
Suite 200
Southfield, MI  48075

Tel:  (248) 948-1900
Fax:  (248) 356-0716

In *United States v. Booker,* 543 U.S. 220 (2005) the Supreme Court resolved the Sixth Amendment violations created by the mandatory Sentencing Guidelines, by "severing" the statutory provisions which made the Guidelines mandatory, and rendered the Guidelines "effectively advisory". A District Court at sentencing now has the discretion to, after considering the Guidelines, render a sentence which it feels is appropriate after applying the statutory factors listed in 18 U.S.C. § 3553 (a). Moreover a sentence within the Guidelines is considered reasonable.

However, in *United States v. Forman,* 436 F. 3rd 638 (6th Cir. 2006) the Court commented that this presumption of reasonableness should not imply some sort of elevated stature to the Guidelines, and is in fact "rather unimportant". Moreover, this presumption does not mean that a sentence outside of the Guidelines range, whether higher or lower, should be considered presumptively unreasonable. *Forman,* supra, at page 644.

Section 3553 (a) states in pertinent part that "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". The factors listed in that subsection include…………………..

"(2) the need for the sentenced imposed-

(A) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and,

(D) to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment

in the most effective manner;"

CHRISTOPHER M. SEIKALY
ATTORNEY AND COUNSELOR

24359 Northwestern Highway,
Suite 200
Southfield, MI  48075

Tel:  (248) 948-1900
Fax:  (248) 356-0716

## HISTORY AND CHARACTERISTICS OF DEFENDANT

Sophia Eggleston is 58 years old, born and raised in Detroit, Michigan. She is single and has 2 children, Yakia Hodge, age 36 and Delron Davis, age 29. Her relationship with her children is tenuous at best. She is in litigation with Delron over some real property allegedly purchased by Ms. Eggleston, but illegally placed in Delron's name. She had a poor childhood, being abused by her mother and getting into fights.

She has earned a G.E.D.

Ms. Eggleston is presently unemployed has limited assets and would be unable to pay a fine or any costs of incarceration. Counsel requests these expenses be waived.

Ms. Eggleston is in very poor health as can be seen by the exhibits attached. She was involved in a motor vehicle accident in November, 2013 and developed a pseudo tumor cerebri (a brain condition that causes the same symptoms as a brain tumor). She requires fluid to be drained from her brain every 6 months. She believes her eyesight has been affected by this psuedotumor. She was involved in another vehicle accident in 20-15, wherein she suffered a significant injury to her right foot (recently being treated for a severe infection to the right foot). Attached as exhibits are medical records describing her present treatment. She is prescribed Oxycontin and Oxycodone for pain, Toradol, acetozalamide and Ketorolac. She was recently treated for the foot infection with surgery and medication to heal the infection. She presently wears a boot on her right foot to help the healing process. She reports being in severe pain form this treatment.

She has an extensive history of mental health issues. She has had several mental health evaluations, competency evaluations and treatment. She reports being in therapy for years. She has treated at the Eastwood Clinic from 2014-2018 for generalized anxiety disorder. Ms. Eggleston has been diagnosed with Schizophrenia, Schizoaffective Disorder and Bipolar Disorder.

CHRISTOPHER M. SEIKALY
ATTORNEY AND COUNSELOR

24359 Northwestern Highway,
Suite 200
Southfield, MI  48075

Tel:  (248) 948-1900
Fax:  (248) 356-0716

## ANALYSIS OF 18 U.S.C.§3553 FACTORS

1. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant. 18 U.S.C. §§ 3553(a) (a)(1).</u>   The conduct for which she was convicted is serious. There is no evidence of a leadership role by Defendant.  She was employed by the leaders of this group of doctors.

*Criminal History.*  Mr. Eggleston's criminal history speaks for itself.  Her criminal history points are 15.  He is in the criminal history category of VI.

*Education and upbringing*.  As noted above and in the P.S.I.R., Sophia had a rough child hood.  She has obtained her General Educational Development (GED) Certificate.

*Substance abuse*.  She has been using opiates to control pain she continues to experience.  She has used marijuana and cocaine in the past but does not use any illegal substances at this time.

(2)   <u>The need for the sentenced imposed (18 U.S.C. §§ 3552(2).</u>

(A)  *To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense (*18 U.S.C. §§ 3553(a)(2)(A)).  Defendant acknowledges that the offense is serious and a sentence of probation will reflect that fact.

(B) *To afford adequate deterrence to criminal conduct (18 U.S.C. §§ 3553(a)(2)(B)).*  Defendant asserts a sentence of probation would adequately deter criminal conduct.

(C) *To protect the public from further crimes of the Defendant (18 U.S.C. §§ 3553(a)(2)(C)).*  A sentence of probation would protect the public from further crimes committed by the Defendant.

(D) *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner (18 U.S.C. §§ 3553(a)(2)(D)).*  She has obtained her GED.

CHRISTOPHER M. SEIKALY
ATTORNEY AND COUNSELOR

24359 Northwestern Highway,
Suite 200
Southfield, MI  48075

Tel:  (248) 948-1900
Fax:  (248) 356-0716

## CONCLUSION

Sophia Eggleston, as stated above, is presently unemployed. Based on this lack of paying employment this writer submits Defendant is not in a position to pay a fine, costs of incarceration, etc. and would ask the Court to waive same. Further based on Sophia's extreme mental and physical health problems counsel feels a sentence of probation with mental and physical treatment would be a sentence sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. §§ 3553(a).

Dated:   May 14, 2019.                                    Respectfully submitted,

/s/ *Christopher M. Seikaly*
Christopher M. Seikaly (P23248)
Attorney for Defendant
24359 Northwestern Hwy., Ste. 200
Southfield, MI 48075
(248) 948-1900
e-mail cseikaly@ameritech.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2019, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the ECF system, which will serve all ECF participants.

/s/ *Christopher M. Seikaly*

Christopher M. Seikaly (P23248)
Attorney for Defendant
24359 Northwestern Hwy., Ste. 200
Southfield, MI 48075
(248) 948-1900
e-mail cseikaly@ameritech.net

CHRISTOPHER M. SEIKALY
ATTORNEY AND COUNSELOR

24359 Northwestern Highway,
Suite 200
Southfield, MI  48075

Tel:  (248) 948-1900
Fax:  (248) 356-0716